OPINION
Plaintiff-appellant Jonathan E. Frailey appeals the February 16, 2000 Agreed Judgment Entry/Decree of Divorce and Shared Parenting Decree entered by the Licking County Court of Common Pleas, Domestic Relations Division. Defendant-appellee is Melissa A. Frailey.
 STATEMENT OF THE FACTS AND CASE
On February 5, 1998, appellant filed a complaint for separation in the Licking County Court of Common Pleas, Domestic Relations Division. Appellant filed a motion for a reconciliation the following day. Appellee filed a timely answer and counterclaim for divorce. Appellant and appellee ultimately reached a settlement and executed a Settlement Memorandum on November 16, 1999. The trial court approved and filed the Settlement Memorandum on November 17, 1999. Pursuant to the Settlement Memorandum, counsel for appellee prepared the divorce and shared parenting decrees. When appellant subsequently received and reviewed the copies of appellee's proposed decrees, appellant noticed said proposals contained substantive modifications and changes to the Settlement Memorandum. Specifically, appellee's proposals not only contained additions to which he had not agreed, but also omitted terms and conditions to which he had agreed. On February 4, 2000, appellant filed Objections to [Appellee's] Submitted Shared Parenting Plan and Motion to Rescind Said Plan. In his memorandum in support, appellant apprised the trial court of the unilateral changes made by appellee. Appellee filed a Memorandum Contra on February 9, 2000. Prior to ruling on appellant's objections, the trial court approved and filed the Agreed Judgment Entry/Decree of Divorce; Shared Parenting Decree; and Shared Parenting Plan on February 16, 2000. Thereafter, on March 1, 2000, appellant filed a Civ.R. 60(B) motion for relief from judgment. On March 3, 2000, appellant filed a Notice of Appeal from the February 16, 2000 Agreed Judgment Entry/Decree of Divorce and Shared Parenting Decree. Despite the fact the filing of the Notice of Appeal divested the trial court of jurisdiction, the trial court entered its Decision on [Appellant's] Motion to Rescind Entry and Shared Parenting Plan on March 20, 2000. As of the date of the filing of appellant's merit brief with this Court, the trial court had not ruled on his Civ.R. 60(B) motion. It is from the February 16, 2000 Agreed Judgment/Decree of Divorce and Shared Parenting Decree appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED BY ENTERING A DECREE OF DIVORCE AND A SHARED PARENTING PLAN INCONSISTENT WITH THE TERMS OF THE SETTLEMENT MEMORANDUM SIGNED BY THE PARTIES.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Herein, appellant maintains the trial court erred in entering the divorce and shared parenting decrees which were inconsistent with the terms of the Settlement Memorandum signed by the parties. As stated supra, the trial court entered its Decision [Appellant's] Motion to Rescind Entry and Shared Parenting Plan on March 20, 2000, after appellant filed his Notice of Appeal. Because of appellant's filing of his notice of appeal, the trial court was without jurisdiction to render said decision. Accordingly, we find the trial court's March 20, 2000 Decision is void and shall not be considered by this Court in resolving the instant appeal. We have reviewed and compared the Settlement Memorandum with the February 16, 2000 Agreed Judgment Entry/Decree of Divorce and Shared Parenting Decree, and agree with appellant the two are inconsistent. The decrees filed by the trial court not only omit terms which were agreed to, but also add terms which were not agreed to in the Settlement Memorandum. Accordingly, we vacate the trial court's February 16, 2000 Agreed Judgment/Decree of Divorce and Shared Parenting Decree and remand this matter to the trial court to reenter final judgment in accordance with the parties' Settlement Memorandum. Appellant's sole assignment of error is sustained. The February 16, 2000 Agreed Judgment/Decree of Divorce and Shared Parenting Decree are vacated and the matter remanded to the trial court for further proceedings consistent with this opinion and the law.
FARMER, J. and WISE, J. CONCUR.